JUDGE CROTTY

12 CV 8796

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

RANDOLFO ESTACIO,

                Plaintiff,

-against-

YONKERS CONTRACTING COMPANY, INC.,
and CARL PETRILLO,

                Defendants.

-----------------------------------------------------------------X

No. _____

COMPLAINT

Jury Trial Demanded



Plaintiff RANDOLFO ESTACIO ("Plaintiff" or "Mr. Estacio") by and through his attorneys, SERRINS FISHER LLP, alleges against Defendants YONKERS CONTRACTING COMPANY, INC. ("Defendant Yonkers Contracting") and CARL PETRILLO ("Defendant Petrillo") (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1. This action arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended ("ADA"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, as amended ("ADEA,"); the New York State Human Rights Law, Executive Law § 290 *et seq.* ("Human Rights Law"); and the Administrative Code of the City of New York § 8-101 *et seq.* ("City Law").

2. Based upon the following acts and/or omissions, Defendants knowingly violated Mr. Estacio's rights under federal and state laws, and such actions were committed intentionally and/or willfully, with knowledge that Plaintiff would be economically injured:



a)  Defendant Yonkers Contracting's retaliatory termination of Mr. Estacio's employment based on his exercise of FMLA rights and Defendant Yonkers Contracting's interference with and/or restraining or denial of Mr. Estacio's exercise of his FMLA rights;

b)  Defendants' refusal to grant Mr. Estacio a reasonable accommodation for his disability and Defendants' discriminatory termination of Mr. Estacio's employment because of his disability, in violation of the ADA, Human Rights Law, and City Law; and

c)  Defendants' changes in the terms and conditions of Mr. Estacio's employment and Defendants' discriminatory termination of Mr. Estacio's employment because of his age in violation of the ADEA, Human Rights Law, and City Law.

3.  Damages and other legal relief are sought pursuant to the FMLA, ADA, ADEA, Human Rights Law, and City Law.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over Mr. Estacio's Human Rights Law and City Law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.  Venue is proper in this District because Defendants conduct business in this District, and acts and/or omissions giving rise to the claims alleged herein took place in this district.

## PROCEDURAL REQUIREMENTS

6. Plaintiff filed a Charge of Discrimination (Charge No. 520-2012-01432) with the Equal Employment Opportunity Commission (EEOC) on February 23, 2012 and received a Notice of Right to Sue on or about September 27, 2012 (a copy of which is attached hereto as "Exhibit 1.")

7. Pursuant to §8-502 (c) of the City Law, Plaintiff served a copy of this Complaint on the City of New York Commission on Human Rights and on the City of New York Corporation Counsel.

## PARTIES

### *Plaintiff*

8. Mr. Estacio, a New York resident whose date of birth is January 9, 1943 (currently sixty-nine years old), suffered a disability (Closed Bimalleolar Fracture and Closed Dislocation of ankle) and requested a leave of absence from Defendants.

9. Mr. Estacio was at all times an "eligible employee" within the meaning of the FMLA in that he had been continuously employed by Defendants for more than one (1) year and had worked more than 1,250 hours during the twelve months preceding his leave.

10. Mr. Estacio was at all times an "employee" within the meaning of the ADA, protected from discrimination on the basis of disability.

11. Mr. Estacio was at all times an "employee" within the meaning of the ADEA, protected from discrimination on the basis of age.

12. Mr. Estacio was at all times an "individual" within the meaning of the Human Rights Law, protected from discrimination on the basis of disability and age.

13. Mr. Estacio was at all times a "person" within the meaning of the City Law,

protected from discrimination on the basis of disability and age.

14. Mr. Estacio suffered from an FMLA qualifying condition.

15. Mr. Estacio was disabled within the meaning of the ADA, Human Rights Law and City Law.

## *Defendants*

16. Upon information and belief, Defendant Petrillo resides in the State of New York and is the owner of Defendant Yonkers Contracting.

17. Defendant Yonkers Contracting is a construction company that handles primarily transportation, environmental and commercial development projects throughout the State of New York and within the five boroughs of New York City, whose principal place of business is located at 969 Midland Avenue, Yonkers, New York 10704. Defendant Yonkers Contracting operates a field office located at 1 Ridge Hill, Suite 301, Yonkers, New York 10710 and also manages project work sites located at, among other places, Triboro Bridge (Manhattan); Penn Station at 31st Street Entrance (Manhattan); World Trade Center Towers 3 and 4 (Manhattan); 44th Street Vent Plant (Manhattan); 245 Park Avenue (Manhattan); Grand Central Terminal Concourse and Facilities (Manhattan) and "Site J" (a project being worked on in conjunction with the Metropolitan Transportation Authority "MTA," to extend the 7 line subway from Times Square to Eleventh Avenue in Manhattan).

18. At all times, Defendant Yonkers Contracting engaged in commerce or in an industry or activity affecting commerce and employed more than fifty (50) employees for each working day during each of the twenty (20) or more calendar workweeks in the current or preceding calendar year and accordingly is an "employer" within the definition of the FMLA, ADA and ADEA.

4

19. At all relevant times hereto, Defendant Yonkers Contracting has continuously been doing business in the State of New York and the City of New York, and has continuously employed more than four (4) people, and accordingly is an "employer" within the definitions of the Human Rights Law and City Law.

## FACTUAL ALLEGATIONS

### *Age Discrimination*

20. From in or about April 1974 to on or about September 29, 2011, Mr. Estacio was employed by Defendants.

21. Defendants initially hired Mr. Estacio to work as an Estimator.

22. In or about November 1985, Mr. Estacio was promoted to Project Manager; he was responsible for planning, budgeting, directing, and coordinating large-scale, high profile construction projects. He remained in the position of Project Manager for the duration his employment with Defendants.

23. During Mr. Estacio's over 36-year tenure with Defendants, Mr. Estacio met the legitimate performance expectations of Defendants.

24. However, beginning in or about June 2009, Defendants started discriminating against Mr. Estacio because of his age. In June 2009, Mr. Estacio was 66 years old and the most senior Project Manager for Defendants.

25. Defendants no longer assigned Mr. Estacio to work as Project Manager for any projects, which considerably reduced Mr. Estacio's workload.

26. Instead, Defendants assigned projects to similarly situated younger Project Managers with less experience. For example, Defendants assigned Robert Stepein (who upon information and belief is in his early forties) as the Project Manager for "Site J" in Manhattan.

27. Beginning in or about June 2009 until his termination, Mr. Estacio was given less desirable, insignificant duties on various projects, such as trouble shooting and coordinating between subcontractors.

28. Moreover, Mr. Estacio was required to report to younger individuals with significantly less experience.

29. In or about August 2011, John Kolaya, Executive Vice President for Defendant Yonkers Contracting, had a conversation with Mr. Estacio in which he said to Mr. Estacio "I heard you were retiring." In response, Mr. Estacio denied Mr. Kolaya's statement and informed him that he had no intention of retiring.

30. On or about September 29, 2011, Defendants terminated Mr. Estacio's employment.

31. Upon information and belief, Defendants assigned a similarly situated younger individual to replace Mr. Estacio on his last assignment at "Site J" in Manhattan.

### *Disability discrimination and FMLA violations*

32. In or about early September 2011, Mr. Estacio fractured his ankle in a non-job related incident. His ankle was placed in a soft cast and he was informed by his orthopedic surgeon that he was unable to work for approximately three (3) weeks.

33. During this three (3) week period, Mr. Estacio was not able to walk, drive, or perform his job functions. In order to avoid pressure to the injured area and further swelling/inflammation, Plaintiff was instructed by his doctor to use crutches, elevate his ankle as much as possible, and keep the area of his cast free from sand and dirt.

34. At all times, Mr. Estacio apprised Defendants of the status of his medical condition and his intent to return to work after this three-week leave of absence.

35. Approximately three (3) weeks after Mr. Estacio first injured his ankle, his doctor informed him that x-rays indicated that he needed to undergo emergency surgery. Due to this disability, Mr. Estacio could not return to work for approximately four (4) to five (5) weeks following surgery.

36. Mr. Estacio was an individual with a "disability," as defined by City Law.

37. Mr. Estacio was an individual with a "disability," as defined by the ADA and Human Rights Law, because due to his physical impairment he was substantially limited in his ability to perform major life activities including, but not limited to, working, walking, lifting and bending.

38. Mr. Estacio's injury constituted a "serious health condition," as defined by the FMLA, because due to his physical impairment Mr. Estacio was unable to attend work for three weeks, required continuing supervision by his doctor at least once within the first week of his injury, and required a second-in person visit to his doctor for surgery (the necessity of which was determined by his doctor) within 30 days of his initial injury.

39. Mr. Estacio immediately informed Defendants of his need for surgery and additional time off from work and indicated that he intended to return to work in late October 2011 after recovering from surgery.

40. On or about September 29, 2011, three (3) hours before Mr. Estacio's surgery, Defendants refused to provide Mr. Estacio with additional time off work and terminated Mr. Estacio's employment.

41. Defendants' alleged that the Company could not afford to keep Mr. Estacio employed during his leave.

42. Defendant Yonkers Contracting failed to advise Mr. Estacio of his rights

pursuant to the FMLA and ADA.

43. Defendant Yonkers Contracting refused to designate Mr. Estacio's leave as FMLA leave.

44. Defendant Yonkers Contracting refused to grant Mr. Estacio leave pursuant to the FMLA.

45. Moreover, Defendants failed to engage in the interactive process to assess Mr. Estacio's request for a reasonable accommodation. Mr. Estacio spoke with several individuals in management, including John Kolaya, Michelle Friedberg and Carl Petrillo, in order to obtain a reasonable accommodation. However, Defendants summarily refused to even engage in the interactive process with Mr. Estacio or grant Mr. Estacio an accommodation for his disability.

46. Defendants' actions were intentional and in reckless disregard for the health and well-being of Mr. Estacio. As a proximate result of these actions, Mr. Estacio has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

## FIRST CAUSE OF ACTION
### (FMLA Interference against Defendant Yonkers Contracting)

47. Mr. Estacio repeats and realleges all paragraphs above as though fully set forth herein.

48. Mr. Estacio put Defendant Yonkers Contracting on notice that he qualified for FMLA leave when he informed Defendant Yonkers Contracting that due to his physical impairment: (1) he would be unable to attend work for three weeks, as prescribed by his doctor at an in-person visit within the first week of his injury; and (2) he would need emergency surgery,

the necessity of which was determined by his doctor within 30 days of his initial injury.

49. Defendant Yonkers Contracting interfered with Mr. Estacio's right to take FMLA leave by terminating his employment a few hours before his surgery.

50. Defendant Yonkers Contracting's violations of Mr. Estacio's FMLA rights were willful and intentional.

51. As a result of Defendant Yonkers Contracting's unlawful acts, Mr. Estacio suffered damages, including past and future lost wages and benefits, liquidated damages, reasonable attorneys' fees and costs of bringing this action.

## SECOND CAUSE OF ACTION
### (FMLA Retaliation against Defendant Yonkers Contracting)

52. Mr. Estacio repeats and realleges all paragraphs above as though fully set forth herein.

53. A few hours before Mr. Estacio's surgery, Defendant Yonkers Contracting terminated Mr. Estacio's employment with the purpose of retaliating against him for exercising his right to take leave under the FMLA.

54. Defendant Yonkers Contracting's violations of Mr. Estacio's FMLA rights were willful and intentional.

55. As a result of Defendant Yonkers Contracting's unlawful acts, Mr. Estacio suffered damages, including past and future lost wages and benefits, liquidated damages, reasonable attorneys' fees and costs of bringing this action.

## THIRD CAUSE OF ACTION
### (Failure to Provide a Reasonable Accommodation in Violation of the ADA against Defendant Yonkers Contracting)

56. Mr. Estacio repeats and realleges all paragraphs above as though fully set forth

herein.

57. Mr. Estacio's physical impairment as described in this Complaint constitutes a disability within the meaning of the ADA. 42 U.S.C. § 12101(2).

58. The ADA prohibits and defines discrimination based on disability as a failure to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified [employee] with a disability." 42 U.S.C. §§ 12112(a), 12112(b)(5).

59. Defendant Yonkers Contracting violated the ADA by failing to accommodate Mr. Estacio's known physical limitations of his disability.

60. As a proximate result of the Defendant Yonkers Contracting's unlawful acts of discrimination, Mr. Estacio has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

61. As a proximate result of the Defendant Yonkers Contracting's unlawful acts of discrimination, Mr. Estacio has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

### FOURTH CAUSE OF ACTION
(Failure to Provide a Reasonable Accommodation
in Violation of State Human Rights Law
against all Defendants)

62. Mr. Estacio repeats and realleges all paragraphs above as though fully set forth herein.

63. Mr. Estacio's physical impairment as described in this Complaint constitutes a disability within the meaning of the Human Rights Law. N.Y. Exec. L. § 292(21).

64. The Human Rights Law provides, "it shall be an unlawful discriminatory practice for an employer...to refuse to provide reasonable accommodations to the known disabilities of

an employee." N.Y. Exec. L. § 296(3)(a).

65. Defendant Petrillo is the owner of Defendant Yonkers Contracting and is therefore subject to individual liability under Human Rights Law.

66. Defendants willfully and intentionally violated Human Rights Law by failing to accommodate Mr. Estacio's known disability.

67. As a proximate result of Defendants' unlawful acts of discrimination, Mr. Estacio has endured emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

68. As a proximate result of Defendants' unlawful acts of discrimination, Mr. Estacio has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

### FIFTH CAUSE OF ACTION
(Failure to Provide a Reasonable Accommodation
in Violation of City Law
against all Defendants)

69. Mr. Estacio repeats and realleges the foregoing paragraphs as if fully set forth herein.

70. Mr. Estacio's physical impairment as described in this Complaint constitutes a disability within the meaning of City Law. N.Y.C. Admin. Code § 8-102(16).

71. Section 8-107(15)(a) of the City Law requires employers to "make [a] reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity."

72. Defendants intentionally and willfully violated City Law Section 8-107, by failing

11

to accommodate Mr. Estacio's disability.

73. As a proximate result of Defendants' unlawful acts of discrimination, Mr. Estacio has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

74. As a proximate result of Defendants' unlawful acts of discrimination, Mr. Estacio has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SIXTH CAUSE OF ACTION
### (Discriminatory Termination of Employment Based on Disability in Violation of the ADA against Defendant Yonkers Contracting)

75. Mr. Estacio repeats and realleges all paragraphs above as though fully set forth herein.

76. Mr. Estacio's physical impairment as described in this Complaint constitutes a disability within the meaning of the ADA. 42 U.S.C. § 12102.

77. Defendant Yonkers Contracting intentionally and willfully violated the ADA when it discriminatorily terminated Mr. Estacio's employment because of his known disability. 42 U.S.C. 12112(a).

78. As a proximate result of Defendant Yonkers Contracting's unlawful acts of discrimination, Mr. Estacio has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

79. As a proximate result of the Defendant Yonkers Contracting's unlawful acts of discrimination, Mr. Estacio has suffered and continues to suffer substantial losses in past and

future earnings and other fringe benefits.

## SEVENTH CAUSE OF ACTION
### (Discriminatory Termination of Employment Based on Disability in Violation of State Human Rights Law against all Defendants)

80.     Mr. Estacio repeats and realleges all paragraphs above as though fully set forth herein.

81.     Mr. Estacio's physical impairment as described in this Complaint constitutes a disability within the meaning of Human Rights Law. N.Y. Exec. L. § 292(21).

82.     Defendant Petrillo is the owner of Defendant Yonkers Contracting and is therefore subject to individual liability under Human Rights Law.

83.     Defendants intentionally and willfully violated Human Rights Law when it terminated Mr. Estacio's employment because of his disability. N.Y. Exec. L. § 296.

84.     As a proximate result of Defendants' unlawful acts of discrimination, Mr. Estacio has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

85.     As a proximate result of Defendants' unlawful acts of discrimination, Mr. Estacio has suffered and continues to suffer substantial losses incurred in loss of past and future earnings and other fringe benefits.

## EIGHTH CAUSE OF ACTION
### (Discriminatory Termination of Employment Based on Disability in Violation of City Law against all Defendants)

86.     Mr. Estacio repeats and realleges the foregoing paragraphs as if fully set forth herein.

87. Mr. Estacio's physical impairment as described in this Complaint constitutes a disability within the meaning of City Law. N.Y.C. Admin. Code § 8-102(16).

88. Section 8-107(1)(a) of the City Law provides, in pertinent part, that it shall be an unlawful discriminatory practice "[f]or an employer or an employee or agent thereof, because of the actual or perceived...disability...to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

89. Defendants intentionally and willfully violated City Law by terminating Mr. Estacio's employment because of his disability. N.Y.C. Admin. Code § 8-107.

90. As a proximate result of Defendants' unlawful acts of discrimination, Mr. Estacio has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

91. As a proximate result of Defendants' unlawful acts of discrimination, Mr. Estacio has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

### NINTH CAUSE OF ACTION
(Discrimination on Account of Plaintiff's Age
in Violation of the ADEA
against Defendant Yonkers Contracting)

92. Mr. Estacio repeats and realleges all paragraphs above as though fully set forth herein.

93. Mr. Estacio was 66 years old and qualified for his position when Defendant Yonkers Contracting began discriminating against Mr. Estacio because of his age.

94. Defendant Yonkers Contracting discriminated against Mr. Estacio because of his

age in the terms, conditions, or privileges of his employment by acts including, but not limited to: assigning him to less desirable duties, assigning younger Project Managers with less experience than Mr. Estacio to major projects and ceasing to give Mr. Estacio new, well-maintained company vehicles that similarly situated younger employees continued to receive, in violation of the ADEA. 29 U.S.C. § 623(a)(1).

95.  Defendant Yonkers Contracting violated the ADEA when it discriminatorily terminated Mr. Estacio's employment because of his age. 29 U.S.C. § 623(a)(1).

96.  Defendant Yonkers Contracting's acts of discrimination were performed with malice, callous and reckless indifference to Mr. Estacio's protected civil rights.

97.  As a proximate result of Defendant Yonkers Contracting's unlawful acts of discrimination, Mr. Estacio has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

98.  As a proximate result of Defendant Yonkers Contracting's unlawful acts of discrimination, Mr. Estacio has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## TENTH CAUSE OF ACTION
### (Discrimination on Account of Plaintiff's Age in Violation of State Human Rights Law against all Defendants)

99.  Mr. Estacio repeats and realleges all paragraphs above as though fully set forth herein.

100.  Mr. Estacio was 66 years old and qualified for his position when Defendants began discriminating against Mr. Estacio because of his age.

101.  Defendant Petrillo is the owner of Defendant Yonkers Contracting and is

15

therefore subject to individual liability under Human Rights Law.

102. Defendants discriminated against Mr. Estacio because of his age in the terms, conditions, or privileges of his employment by acts described in this Complaint, in violation of Human Rights Law.

103. Defendants violated Human Rights Law when it discriminatorily terminated Mr. Estacio's employment because of his age.

104. Defendants' acts of discrimination were performed with malice, callous and reckless indifference to Mr. Estacio's protected civil rights.

105. As a proximate result of Defendants' unlawful acts of discrimination, Mr. Estacio has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

106. As a proximate result of Defendants' unlawful acts of discrimination, Mr. Estacio has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## ELEVENTH CAUSE OF ACTION
### (Discrimination on Account of Plaintiff's Age in Violation of City Law against all Defendants)

107. Mr. Estacio repeats and realleges all paragraphs above as though fully set forth herein.

108. Mr. Estacio was 66 years old and qualified for his position when Defendants began discriminating against Mr. Estacio because of his age.

109. Defendant Petrillo is the owner of Defendant Yonkers Contracting and is therefore subject to individual liability under City Law.

110. Defendants intentionally and deliberately discriminated against Mr. Estacio because of his age in the terms, conditions, or privileges of his employment by acts described in this complaint, in violation of City Law.

111. Defendants violated City Law when it discriminatorily terminated Mr. Estacio's employment because of his age.

112. Defendants' acts of discrimination were performed with malice, callous and reckless indifference to Mr. Estacio's protected civil rights.

113. As a proximate result of Defendants' unlawful acts of discrimination, Mr. Estacio has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

114. As a proximate result of Defendants' unlawful acts of discrimination, Mr. Estacio has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment:

a. Awarding on Plaintiff's First and Second Causes of Action:

   i. back pay, prejudgment interest, front pay and damages for all employment benefits Plaintiff would have received but for the unlawful acts and practices of Defendant;

   ii. liquidated damages;

   iii. reasonable attorneys' fees and costs incurred in this action; and

   iv. any other relief that the Court deems just and proper.

b. Defendants Third and Sixth Causes of Action:

     i. back pay, prejudgment interest, front pay and damages for all employment benefits Plaintiff would have received but for the discriminatory acts and practices of Defendant;

     ii. compensatory damages;

     iii. punitive damages;

     iv. reasonable attorneys' fees and costs incurred in this action; and

     v. any other relief the Court deems just and proper.

c. Awarding on Plaintiff's Ninth Cause of Action:

     i. back pay, prejudgment interest, front pay and damages for all employment benefits Plaintiff would have received but for the discriminatory acts and practices of Defendant;

     ii. liquidated damages;

     iii. reasonable attorneys' fees and costs incurred in this action; and

     iv. any other relief the Court deems just and proper.

d. Awarding on Plaintiff's Fourth, Seventh, and Tenth Causes of Action:

     i. back pay, prejudgment interest, front pay and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

     ii. compensatory damages; and

     iii. any other relief the Court deems just and proper.

e. Awarding on Plaintiff's Fifth, Eighth and Eleventh Causes of Action:

     i. back pay, prejudgment interest, front pay and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

     ii. compensatory damages;

iii. punitive damages;

iv. reasonable attorneys' fees and costs incurred in this action; and

v. any other relief the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
       December 4, 2012

                       Respectfully submitted,

                       **SERRINS FISHER LLP**

By: _/s/ Ann Macadangdang_
Liane Fisher, Esq. (LF3708)
Ann Macadangdang, Esq. (AM1198)
*Attorneys for Plaintiff*
233 Broadway, Suite 2340
New York, New York 10279
Phone: (212) 571-0700
Fax: (212) 233-3801